In re TOBACCO LITIGATION,
EASTERN DISTRICT OF
NEW YORK.

The National Asbestos Workers Medical
Fund, et al., Plaintiffs,

v.

Philip Morris, Inc., et al., Defendants.

Blue Cross And Blue Shield Of New
Jersey, Inc., et al., Plaintiffs,

v.

Philip Morris, Incorporated,
et al., Defendants.

Raymark Industries, Inc., Plaintiff,

v.

The American Tobacco Company,
et al., Defendants.

H.K. Porter Company, Inc., Plaintiff,

v.

The American Tobacco Company,
et al., Defendants.

Robert A. Falise; Louis Klein, Jr.; Frank
Macchiarola; and Christian E. Markety,
Jr. as Trustees, Plaintiffs,

v.

The American Tobacco Company,
et al., Defendants.

David B. Bergeron; Mark L. Erlich; Anthony J. Graziano; Thomas Harrington; Simon James; Kirk Fordyce; Lawrence Morrisroe; David Wallace; David Woodman; William J. Sullivan; Stephan A. Adamic; George Bidgood; Theordore H. Brodie; Donald Colavecchio; Thomas J. Gunning; Michael Shaurghnessy; and Christopher Topps on behalf of themselves and all other similarly Trustees of health funds, Plaintiffs,

v.

Philip Morris, Inc. et al. Defendants.

Ellis Simon, on behalf of himself and
all other persons similarly
situated, Plaintiffs

v.

Philip Morris, Inc. et al., Defendants.

William Decie, Anne Marie Decie, Sharon Grunz and Robert Francis Mason, Individually and On Behalf of All Others Similarly Situated, Plaintiffs,

v.

The American Tobacco Company,
et al., Defendants.

Ligget Group Inc., Plaintiff,

v.

Latham & Watkins, Defendant.

Nos. 98 CV 1492, 97 CV 7658, 99 CV 6142, 98 CV 3287, 99 CV 7392, 99 CV 1988, 98 CV 0675, 97 CV 7640, 00 CV 2340, 99 CV 7592.

United States District Court,
E.D. New York.

May 9, 2000.

*MEMORANDUM and ORDER*

WEINSTEIN, Senior District Judge.

At the court's request and pursuant to its authority and obligation under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York, a discussion took place among counsel and the court concerning possible settlement of the many tobacco cases now pending. *In re Tobacco Litigation, Eastern District of New York,* 192 F.R.D. 92 (E.D.N.Y.2000). At the request of some of the parties, only counsel were present in chambers.

The court was asked how, in its opinion, a comprehensive settlement could be reached. It briefly outlined the main elements. After a frank exchange, the parties left to consider the issues addressed.

The parties will meet with the court on May 16 at 4:00 p.m. in chambers to continue the discussion. To assist discourse the following issues and considerations are set out:

I Basic Principles:

    A.  The settlement process and its result should be equitable, affordable and minimize transaction costs.

B. To the extent possible under law, it should terminate once and for all tobacco litigation in this country.

II Punitive Damages (non-opt out class):

A. Should the court appoint a Hearing Master to address the question: "Is there a limited fund in view of all the actual and potential individual and class action punitive damages sought?" Should an evidentiary hearing be utilized to address this question?

B. Is one "final" punitive award equitable? Should consideration be given to a single financial award which would be used to benefit all injured victims, rather than multiple, repeated punitive damage awards?

C. How should a punitive damage fund be utilized? Would it be practical for the class of national smokers, through questionnaires provided in newspapers and on the internet, to vote on the use of the funds, including possible distribution to discourage nonsmokers from starting to smoke and to help current smokers stop smoking?

III Compensatory Damages (opt out class):

A. Compensation and industry affordability:

1. What criteria should be utilized to determine compensation allowances?

2. Should annual aggregate caps on compensation be employed?

B. How should subclassing be addressed?

1. Would it be practical to establish subclasses of smokers based on the quantity of smoking?

2. Would it be practical to divide smokers based on severity of injury?

3. Should entities which have compensated smokers for smoking-related diseases constitute a subclass receiving amounts based on proportional shares spent attributable to smoking?

4. How should present and future injuries of claimants be treated?

C. How should differences in tort law among states be addressed? Would it be possible to construct a recoverability program for subclasses by:

1. ranking and indexing state laws based on relative favorability to resident class members;

2. grouping states based on similarity of tort law; or

3. assuming one agreed upon construct of national law?

IV Federal Government Litigation:

A. How should the civil suit brought by the United States, seeking recovery for payments the government has made under various federal health programs, be treated in the context of an overall settlement?

B. Would settlement by the federal government be equitable and viable?

V Would a final national settlement avoid the need for legislation?

VI Tentative considerations related to settlement mechanics:

A. Should a settling judge be chosen separate from the fairness hearing judge to coordinate and to work with other appointees, lawyers, and possible advisory committees in reaching a settlement?

B. Should respected independent persons be chosen to serve as Special Masters to establish management procedures? Should additional Special Masters and advisory committees consisting of such persons as public health officials and members of the class be appointed?

C. Should proposals from counsel be requested to represent classes and subclasses?

1. Should the proposals address such matters as fees, advancing advertising and other costs, methods of remaining in touch with class members and accounting for their views, and details of practices to be followed in handling any compensatory payments and punitive damages funds?

2. Should representatives be selected from the bidders based on considerations such as cost to members of the class, experience and desirability of their specific proposals?

D. While elements of this outline are separable, should every effort be made to reach a comprehensive national settlement? Could settlements be conditioned on ultimate appellate court approval?

VII Since any settlement structure would require time for agreement and implementation, how should the suits now pending throughout the nation be addressed? Should the court consider an injunction in aid of federal jurisdiction?

VIII Based on considerations of affordability and fairness, what would be the total cost of a plan?

IX Legal Fees and Transactional Costs:

A. Should a "bid for fee," "lode star," "accomplishment" allocation, or a combination, be employed?

B. How can fees and costs be kept reasonable and affordable, ensuring that the overwhelming share of any settlement is used for the good of smokers and potential smokers? ·

X The court has the power to sever, dismiss, consolidate, and reconstitute actions and to appoint new counsel in class actions. How should that power be utilized?

SO ORDERED